UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**

AUG 2 2 2001

CHRISTOPHER T. O'NEILL and )
P. KEVIN DONAHUE, )
)
)
Plaintiffs, )
)
v. )
)
CITY OF CHICAGO POLICE OFFICERS )
J. O'CALLAGHAN (Star No. 18573) and )
L. SYAS (Star No. 19154); and )
BUTCH MCGUIRE'S, INC. )
)
Defendants. )

**01C  6500**

No. MAGISTRATE JUDGE ROSEMOND

JURY DEMANDED

**JUDGE HOLDERMAN**

FILED-ED4
01 AUG 21 PM 3:55
CLERK
U.S. DISTRICT COURT

<u>COMPLAINT</u>

Plaintiffs, Christopher T. O'Neill and P. Kevin Donahue, by and through their

attorneys, James E. Dahl and Paul N. Bonadies, state by way of Complaint against

defendants, City of Chicago Police Officers J. O'Callaghan (Star No. 18573) and L. Syas

(Star No. 19154), and Butch McGuire's, Inc., as follows:

<u>Parties</u>

1.      Plaintiff, Christopher T. O'Neill ("O'Neill") is a resident of Portland,

Oregon.

2.      Plaintiff, P. Kevin Donahue ("Donahue") is, and at all times relevant to this

cause of action was, a resident of Cook County, Illinois.

3.      Defendant, J. O'Callaghan is, and at times relevant to this cause of action

was, a Chicago police officer residing in Cook County, Illinois.

4.      Defendant, L. Syas is, and at times relevant to this cause of action was, a

Chicago police officer residing in Cook County, Illinois.

1

5.    Defendant, Butch McGuire's, Inc. ("Butch McGuire's") is, and at all times relevant to cause of action was, an Illinois corporation operating a bar and restaurant located in Chicago, Illinois and known as Butch McGuire's Tavern.

<u>Jurisdiction and Venue</u>

6.    This action arises under the United States Constitution, particularly under the Fourth and Fourteenth Amendments to the Constitution of the United States and under Federal law, particularly the Civil Rights Act 42 U.S.C. §1983.  This Court has jurisdiction in this action pursuant to 28 U.S.C. §§1331 and 1343 and supplemental jurisdiction to hear pendant claims under state law pursuant to 28 U.S.C. §1367(a).

7.    This Court is the appropriate venue within which to adjudicate this dispute because the defendants reside in this District and the occurrence at issue occurred in this District.

<u>Background</u>

8.    On December 31, 2000, plaintiffs O'Neill and Donahue were sitting at a table at Butch McGuire's Tavern and were accompanied by three friends.

9.    While sitting at the table, a waitress brought a beer to the plaintiffs' table. Plaintiff O'Neill informed the waitress that no one had ordered the beer and that no one at the table wanted the beer.

10.    The waitress insisted that plaintiff O'Neill pay for the beer and when plaintiff O'Neill informed the waitress that he was not going to pay for the beer, the waitress ushered a bouncer to the table, who was employed by defendant Butch McGuire's, to try to resolve the situation.

11.    The bouncer brought defendant O'Callaghan to the table and at that time, plaintiff O'Neill explained to defendant O'Callaghan that no one at the table had ordered the beer and that no one wanted the beer.

12.    Defendant O'Callaghan then told plaintiff O'Neill that he should walk outside the bar to discuss the situation further.  Plaintiffs O'Neill and Donahue walked outside of defendant Butch McGuire's and as soon as plaintiff O'Neill was outside of the bar, defendants O'Callaghan and Syas threw O'Neill against the window of Butch McGuire's, violently handcuffed him, searched his person and arrested plaintiff O'Neill.

13.    When plaintiff Donahue asked defendant O'Callaghan why plaintiff O'Neill was being arrested, defendant O'Callaghan told plaintiff Donahue to step inside Butch McGuire's and he would explain.

14.    As soon as plaintiff Donahue stepped inside defendant Butch McGuire's, plaintiff Donahue was arrested by defendants O'Callaghan and Syas.

15.    At no time did either plaintiff O'Neill or plaintiff Donahue violate any federal, state or municipal statute.

16.    The defendants, O'Callaghan and Syas, arrested the plaintiffs without probable cause and without an arrest warrant and charged the plaintiffs with criminal trespass.

17.    Defendants O'Callaghan and Syas were at all times relevant to this action, officers, employees and/or agents of the Chicago Police Department, acting under color of law, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Illinois and/or the City of Chicago and/or the Chicago Police Department.

3

18.     The plaintiffs spent the entire evening in jail and the next day, the criminal

proceedings against the plaintiffs were terminated in their favor.

COUNT I

O'NEILL v. O'CALLAGHAN AND SYAS

VIOLATION OF CIVIL RIGHTS

1-18.   Plaintiff O'Neill realleges paragraphs 1 through 18 above as paragraphs 1

through 18 of this Count I.

19.     As a direct and proximate result of the actions of defendants O'Callaghan

and Syas, plaintiff O'Neill suffered the following injuries and damages:

        a.      violation of his constitutional rights under the Fourth and Fourteenth

        Amendments to the Constitution of the United States of America to be free from

        unreasonable search and seizure, the right to due process and equal protection

        under the laws;

        b.      deprivation of physical liberty;

        c.      physical pain and suffering and emotional trauma, distress and

suffering arising from the arrest, incarceration and criminal charge.

20.     Defendants O'Callaghan's and Syas' misconduct was the proximate cause of

the violation of plaintiff O'Neill's Fourth and Fourteenth Amendment rights under the

U.S. Constitution when they unreasonably searched, seized and arrested O'Neill without

probable cause.

21.     Defendants O'Callaghan and Syas violated plaintiff O'Neill's U.S.

Constitution Fourteenth Amendment rights by depriving him of his liberty without due

4

process of law and denying his protection of the laws by arresting him and by causing false criminal charges to be brought against him.

WHEREFORE, plaintiff, Christopher T. O'Neill, respectfully requests this Court to enter judgment in his favor and against defendants, J. O'Callaghan and L. Syas, jointly and severally, in an amount greater than $75,000 plus attorney's fees and costs pursuant to 42 U.S.C. §1988, punitive damages and such other relief as this Court deems appropriate.

## COUNT II

### DONAHUE v. O'CALLAGHAN AND SYAS

### VIOLATION OF CIVIL RIGHTS

1-18. Plaintiff Donahue realleges paragraphs 1 through 18 of Count I as paragraphs 1 through 18 of this Count II.

19. As a direct and proximate result of the actions of defendants O'Callaghan and Syas, plaintiff Donahue suffered the following injuries and damages:

        a.    violation of his constitutional rights under the Fourth and Fourteenth Amendments to the Constitution of the United States of America to be free from unreasonable search and seizure, the right to due process and equal protection under the laws;

        b.    deprivation of physical liberty;

        c.    physical pain and suffering and emotional trauma, distress and suffering arising from the arrest, incarceration and criminal charge.

20.     Defendants O'Callaghan's and Syas' misconduct was the proximate cause of the violation of plaintiff Donahue 's Fourth and Fourteenth Amendment rights under the U.S. Constitution when they unreasonably searched, seized and arrested Donahue without probable cause.

21.     Defendants O'Callaghan and Syas violated plaintiff Donahue's Constitution Fourteenth Amendment rights by depriving him of his liberty without due process of law and denying his protection of the laws by arresting the plaintiff and by causing false criminal charges to be brought against Donahue.

WHEREFORE, plaintiff, P. Kevin Donahue, respectfully requests this Court to enter judgment in his favor and against defendants, J. O'Callaghan and L. Syas, jointly and severally, in an amount greater than $75,000 plus attorney's fees and costs pursuant to 42 U.S.C. §1988, punitive damages and such other relief as this Court deems appropriate.

COUNT III

O'NEILL v. O'CALLAGHAN AND SYAS

MALICIOUS PROSECUTION

1-18.   Plaintiff O'Neill realleges paragraphs 1 through 18 of Count I as paragraphs 1 through 18 of this Count III.

19.     Defendants O'Callaghan and Syas, willfully and wantonly, falsely accused plaintiff O'Neill of criminal trespass and then intentionally, falsely detained, arrested and imprisoned plaintiff O'Neill against his will.

6

20.    As a direct and proximate result of the aforementioned conduct, plaintiff O'Neill was exposed to public disgrace, physical harm, humiliation, mental anguish, emotional harm and incurred expenses in defending the false charges of criminal trespass.

21.    By virtue of defendant O'Callaghan's and Syas' intentional conduct, defendants O'Callaghan and Syas are subject to punitive damages.

WHEREFORE, plaintiff, Christopher T. O'Neill, respectfully requests this Court to enter judgment in his favor and against defendants, J. O'Callaghan and L. Syas, jointly and severally, in an amount greater than $75,000 plus attorney's fees, costs and punitive damages.

## COUNT IV

## DONAHUE v. O'CALLAGHAN AND SYAS

## MALICIOUS PROSECUTION

1-18.   Plaintiff Donahue realleges paragraphs 1 through 18 of Count I as paragraphs 1 through 18 of this Count IV.

19.    Defendants O'Callaghan and Syas, willfully and wantonly, falsely accused plaintiff Donahue of criminal trespass and then intentionally, falsely detained, arrested and imprisoned plaintiff Donahue against his will.

20.    As a direct and proximate result of the aforementioned conduct, plaintiff Donahue was exposed to public disgrace, physical harm, humiliation, mental anguish, emotional harm and incurred expenses in defending the false charges of criminal trespass.

21.    By virtue of defendants O'Callaghan's and Syas' intentional conduct, defendants O'Callaghan and Syas are subject to punitive damages.

WHEREFORE, plaintiff, P. Kevin Donahue, respectfully requests this Court to enter judgment in his favor and against defendants, J. O'Callaghan and L. Syas, jointly and severally, in an amount greater than $75,000 plus attorney's fees, costs and punitive damages.

## COUNT V

### O'NEILL v. O'CALLAGHAN AND SYAS

### FALSE ARREST AND FALSE IMPRISONMENT

1-18.   Plaintiff O'Neill realleges paragraphs 1 through 18 of Count I as paragraphs 1 through 18 of this Count V.

19.     Plaintiff O'Neill was arrested, restrained and imprisoned without any probable cause that he committed any sort of criminal offense.

20.     Defendants O'Callaghan's and Syas' actions were willful and wanton in that they were meant to intimidate, harass and disgrace plaintiff O'Neill.

21.     As a direct and proximate result of the aforementioned conduct of defendants O'Callaghan and Syas, plaintiff O'Neill was humiliated, suffered bodily injury, mental anguish and incurred expenses to defend the unjustified charges brought against him.

22.     By virtue of defendants O'Callaghan's and Syas' intentional actions, defendants O'Callaghan's and Syas' are subject to punitive damages.

WHEREFORE, plaintiff, Christopher T. O'Neill, respectfully requests this Court to enter judgment in his favor and against defendants, J. O'Callaghan and L. Syas, jointly and severally, in an amount greater than $75,000 plus attorney's fees, costs and punitive damages.

## COUNT VI

## DONAHUE v. O'CALLAGHAN AND SYAS

## FALSE ARREST AND FALSE IMPRISONMENT

1-18. Plaintiff Donahue realleges paragraphs 1 through 18 of Count I as paragraphs 1 through 18 of this Count VI.

19. Plaintiff Donahue was arrested, restrained and imprisoned without any probable cause that he committed any sort of criminal offense.

20. Defendants O'Callaghan's and Syas' actions were willful and wanton in that they were meant to intimidate, harass and disgrace plaintiff Donahue.

21. As a direct and proximate result of the aforementioned conduct of defendants O'Callaghan and Syas, plaintiff Donahue was humiliated, suffered bodily injury, mental anguish and incurred expenses to defend the unjustified charges brought against him.

22. By virtue of defendants O'Callaghan's and Syas' intentional actions, defendants O'Callaghan and Syas are subject to punitive damages.

WHEREFORE, plaintiff, P. Kevin Donahue, respectfully requests this Court to enter judgment in his favor and against defendants, J. O'Callaghan and L. Syas, jointly

and severally, in an amount greater than $75,000 plus attorney's fees, costs and punitive damages.

## COUNT VII

### O'NEILL v. BUTCH MCGUIRE'S

### MALICIOUS PROSECUTION

1-18.   Plaintiff O'Neill realleges paragraphs 1 through 18 of Count I as paragraphs 1 through 18 of this Count VII.

19.    Plaintiff O'Neill, was a patron of Butch McGuire's Tavern which was owned and operated by defendant Butch McGuire's, Inc.

20.    The bouncers for Butch McGuire's Tavern were employed by defendant Butch McGuire's.

21.    Defendant, Butch McGuire's, by and through its employees, willfully and wantonly falsely accused plaintiff O'Neill of criminal trespass and in a willful and wanton manner allowed for plaintiff O'Neill to be falsely detained, arrested and imprisoned against his will.

22.    As a direct and proximate result of the aforementioned detention, arrest and imprisonment of plaintiff O'Neill, plaintiff O'Neill was exposed to humiliation, mental anguish, bodily harm and was forced to incur the expense of defending unjustified criminal charges that were brought against him.

23.    By reason of Butch McGuire's, Inc.'s willful and wanton conduct, Butch McGuire's is subject to punitive damages.

WHEREFORE, plaintiff, Christopher T. O'Neill, respectfully requests this Court to enter judgment in his favor and against defendant, Butch McGuire's, Inc., in an amount greater than $75,000 plus attorney's fees, costs and punitive damages.

COUNT VIII

DONAHUE v. BUTCH MCGUIRE'S

MALICIOUS PROSECUTION

1-18.   Plaintiff Donahue realleges paragraphs 1 through 18 of Count I as paragraphs 1 through 18 of this Count VIII.

19.   Plaintiff Donahue, was a patron of Butch McGuire's Tavern which was owned and operated by defendant Butch McGuire's, Inc.

20.   The bouncers for Butch McGuire's Tavern were employed by defendant Butch McGuire's.

21.   Defendant, Butch McGuire's, by and through its employees, willfully and wantonly falsely accused plaintiff Donahue of criminal trespass and in a willful and wanton manner allowed for plaintiff Donahue to be falsely detained, arrested and imprisoned against his will.

22.   As a direct and proximate result of the aforementioned detention, arrest and imprisonment of plaintiff Donahue, plaintiff Donahue was exposed to humiliation, mental anguish, bodily harm and was forced to incur the expense of defending unjustified criminal charges that were brought against him.

23.   By reason of Butch McGuire's, Inc.'s willful and wanton conduct, Butch McGuire's is subject to punitive damages.

WHEREFORE, plaintiff, P. Kevin Donahue, respectfully requests this Court to enter judgment in his favor and against defendant, Butch McGuire's, Inc., in an amount greater than $75,000 plus attorney's fees, costs and punitive damages.

## COUNT IX

### O'NEILL v. BUTCH MCGUIRE'S

### FALSE ARREST AND FALSE IMPRISIONMENT

1-18. Plaintiff O'Neill realleges paragraphs 1 through 18 of Count I as paragraphs 1 through 18 of this Count IX.

19. Defendant, Butch McGuire's, by and through its employees, maliciously intended to injure, humiliate and disgrace plaintiff O'Neill by causing him to be arrested and imprisoned by directing defendants O'Callaghan and Syas to arrest plaintiff O'Neill without probable cause and charging O'Neill with the crime of criminal trespass.

20. As a direct and proximate result of the detention, arrest and imprisonment which was directed by Butch McGuire's, plaintiff O'Neill was humiliated, incurred mental anguish, bodily injury, and incurred costs to defend and establish his innocence with respect to the false charge of criminal trespass.

21. As a direct and proximate result of defendant Butch McGuire's conduct, Butch McGuire's is subject to punitive damages.

WHEREFORE, plaintiff, Christopher T. O'Neill, respectfully requests this Court to enter judgment in his favor and against defendant, Butch McGuire's, Inc., in an amount greater than $75,000 plus attorney's fees, costs and punitive damages.

## COUNT X

### DONAHUE v. BUTCH MCGUIRE'S

### FALSE ARREST AND FALSE IMPRISIONMENT

1-18.  Plaintiff Donahue realleges paragraphs 1 through 18 of Count I as paragraphs 1 through 18 of this Count X.

19.    Defendant, Butch McGuire's, by and through its employees, maliciously intended to injure, humiliate and disgrace defendant Donahue by causing him to be arrested and imprisoned by directing defendants O'Callaghan and Syas to arrest plaintiff Donahue without probable cause and charging Donahue with the crime of criminal trespass.

20.    As a direct and proximate result of the detention, arrest and imprisonment which was directed by Butch McGuire's, plaintiff Donahue was humiliated, incurred mental anguish, bodily injury, and incurred costs to defend and establish his innocence with respect to the false charge of criminal trespass.

21.    As a direct and proximate result of defendant Butch McGuire's conduct, Butch McGuire's is subject to punitive damages.

WHEREFORE, plaintiff, P. Kevin Donahue, respectfully requests this Court to enter judgment in his favor and against defendant, Butch McGuire's, Inc., in an amount greater than $75,000 plus attorney's fees, costs and punitive damages.

JAMES E. DAHL (0568724)
PAUL N. BONADIES (6206589)
JAMES E. DAHL & ASSOCIATES
225 West Washington Street, Suite 1125
Chicago, IL 60606
312/641-3245

CHRISTOPHER T. O'NEILL
and P. KEVIN DONAHUE

By: _____
One of Their Attorneys

13

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET 01C 6500

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

MAGISTRATE JUDGE ROSEMOND

## I.(a) PLAINTIFFS

Christopher T. O'Neill and
P. Kevin Donahue

## DEFENDANTS

City of Chicago Police Officers
J. O'Callaghan (Star No. 18573) and
L. Syas (Star No. 19154); and
Butch McGuire's, Inc.

JUDGE HOLDERMAN

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Portland, Oregon
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Cook County, IL
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
James E. Dahl & Associates
225 West Washington St., #1125
Chicago, IL 60606

ATTORNEYS (IF **DOCKETED**
AUG 2 2 2001

FILED
01 AUG 21
U.S. DISTRICT

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF

(For Diversity Cases Only) AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury | **PERSONAL INJURY**<br>☐ 362 Personal Injury — Med. Malpractice<br>☐ 365 Personal Injury — Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 610 Agriculture<br>☐ 620 Other Food & Drug<br>☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 630 Liquor Laws<br>☐ 640 R.R. & Truck<br>☐ 650 Airline Regs.<br>☐ 660 Occupational Safety/Health<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)) | ☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce/ICC Rates/etc.<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 810 Selective Service<br>☐ 850 Securities/Commodities/Exchange<br>☐ 875 Customer Challenge 12 USC 3410<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice<br>☐ 950 Constitutionality of State Statutes<br>☐ 890 Other Statutory Actions |
| ☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | ☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☒ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence<br>**HABEAS CORPUS:**<br>☐ 530 General<br>☐ 535 Death Penalty<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition | ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Railway Labor Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS — Third Party 26 USC 7609 | |

## VI. CAUSE OF ACTION

(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Violation of civil rights action pursuant to 42 U.S.C. §1983; malicious prosecution, false arrest, false imprisionment.

## VII. REQUESTED IN COMPLAINT

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ greater than $75,000.00

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES ☐ NO

## VIII.

This case ☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case number _____, previously dismissed by Judge _____

DATE
August 21, 2001

SIGNATURE OF ATTORNEY OF RECORD
Paul Bands

UNITED STATES DISTRICT COURT

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**DOCKETED**

AUG 2 2 2001

In the Matter of
Christopher T. O'Neill and P. Kevin Donahue,
v.
City of Chicago Police Officers J. O'Callaghan
(star No. 18573) and L. Syas (Star No. 19154);
and Butch McGuire's, Inc.

# 01C 6500

Case Number:
MAGISTRATE JUDGE ROSEMOND

**APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:** Plaintiffs

CHRISTOPHER T. O'NEILL and P. KEVIN DONAHUE

JUDGE HOLDERMAN

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE *Paul Bonadies* |
| NAME James E. Dahl | NAME Paul N. Bonadies |
| FIRM JAMES E. DAHL & ASSOCIATES | FIRM JAMES E. DAHL & ASSOCIATES |
| STREET ADDRESS 225 West Washington St., Suite 1125 | STREET ADDRESS 225 West Washington St., Suite 1125 |
| CITY/STATE/ZIP Chicago, IL 60606 | CITY/STATE/ZIP Chicago, IL 60606 |
| TELEPHONE NUMBER 312/641-3245    FAX NUMBER 312/641-1662 | TELEPHONE NUMBER 312/641-3245    FAX NUMBER 312/641-1662 |
| E-MAIL ADDRESS Dahlfirm @ aol.com | E-MAIL ADDRESS Dahlfirm @ aol.com |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 0568724 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6206589 |
| MEMBER OF TRIAL BAR?    YES ☒  NO ☐ | MEMBER OF TRIAL BAR?    YES ☐  NO ☒ |
| TRIAL ATTORNEY?    YES ☒  NO ☐ | TRIAL ATTORNEY?    YES ☒  NO ☐ |
|  | DESIGNATED AS LOCAL COUNSEL?    YES ☐  NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER    FAX NUMBER | TELEPHONE NUMBER    FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR?    YES ☐  NO ☐ | MEMBER OF TRIAL BAR?    YES ☐  NO ☐ |
| TRIAL ATTORNEY?    YES ☐  NO ☐ | TRIAL ATTORNEY?    YES ☐  NO ☐ |
| DESIGNATED AS LOCAL COUNSEL?    YES ☐  NO ☐ | DESIGNATED AS LOCAL COUNSEL?    YES ☐  NO ☐ |