IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHRISTOPHER T. O'NEILL and )
P. KEVIN DONAHUE, )
)
Plaintiffs, )        No: 01 C 6500
)
vs. )        Judge Holderman
)
CITY OF CHICAGO POLICE OFFICERS )
J. O'CALLAGHAN (Star No. 18573) and )
L. SYAS (Star No. 19154); and )
BUTCH MCGUIRE'S, INC., )
)
Defendants. )

**DOCKETED**
**DEC 20 2002**

## RELEASE AND SETTLEMENT AGREEMENT

Plaintiffs, Christopher O'Neill and P. Kevin Donahue, by one of their attorneys, James

E. Dahl, and the City of Chicago, by its attorney, Mara S. Georges, Corporation Counsel of

the City of Chicago, and defendant, John O'Callaghan,[1] by one of his attorneys, Stacy A.

Benjamin, Assistant Corporation Counsel, herein stipulate and agree to the following:

1.      This action has been brought by plaintiffs, Christopher O'Neill and P. Kevin

Donahue, against defendant, John O'Callaghan, and makes certain allegations contained in

Plaintiffs' Complaint.

2.      Defendant denies each and every allegation of wrongdoing as stated in

Plaintiffs' Complaint, and, further, denies liability.

3.      The parties and their respective attorneys acknowledge that settlement of this

claim is not an admission of liability, or of unconstitutional or illegal conduct by or on the part

---

[1]      All claims against Defendant Syas were previously dismissed by the Court on
September 24, 2002. Accordingly, Defendant Syas is no longer a party to this lawsuit.

of any defendant and/or the City of Chicago and/or its future, current or former officers, agents and employees, and shall not serve as evidence or notice of any wrongdoing by or on the part of any defendant and/or the City of Chicago and/or its future, current or former officers, agents and employees. The parties and their respective attorneys further acknowledge that settlement is made to avoid the uncertainty of the outcome of litigation and the expense in time and money of further litigation and for the purpose of judicial economy. Plaintiffs and their attorneys agree that they or any firm with which said attorneys are affiliated or with which said attorneys may later become affiliated shall not use this settlement as notice of misconduct on the part of any defendant and/or the City of Chicago and/or its future, current or former officers, agents and employees, or for any other purpose in any other litigation, and that any such use is inconsistent with the terms of this Release and Settlement Agreement.

4.     In consideration of this settlement entered pursuant to this Release and Settlement Agreement, and upon advice of counsel, plaintiffs, Christopher O'Neill and P. Kevin Donahue, agree to dismiss with prejudice all of their claims against defendant, John O'Callaghan, with each side bearing its own costs and attorneys' fees.

5.     Plaintiff, Christopher O'Neill accepts a settlement from the City of Chicago, in the total amount of FIVE THOUSAND DOLLARS AND NO/100 ($5,000.00), with each side bearing its own costs and attorneys' fees. Plaintiff, P. Kevin Donahue, accepts a settlement from the City of Chicago, in the total amount of FIVE THOUSAND DOLLARS AND NO/100 ($5,000.00), with each side bearing its own costs and attorneys' fees.

6.     The City of Chicago agrees to pay plaintiffs the total settlement amount within sixty (60) days after receipt by the Corporation Counsel's Office of a file-stamped copy of the

2

Agreed Order of Dismissal. This sum shall be payable solely by the City of Chicago, and

plaintiffs and/or their attorneys agree that they will not seek payment from any source other

than the City of Chicago. The settlement checks will be made payable to plaintiffs, their

attorneys, and lien claimants, if any, of which the City has notice.

7.      In consideration of this settlement entered pursuant to this Release and

Settlement Agreement, and upon advice of counsel, plaintiffs agree to indemnify and hold

harmless the City of Chicago, and its future, current or former officers, agents and employees

including, but not limited to, defendant, John O'Callaghan, from any claims, losses, damages

or expenses, including attorneys' fees and costs, incurred, or which may be incurred, by

reason of any lien or any other claim or interest held by any person, entity or corporation

against any moneys received or to be received by plaintiffs under the settlement entered

pursuant to this Release and Settlement Agreement.

8.      Plaintiffs, upon advice of counsel, understand and agree that in consideration of

the settlement entered pursuant to this Release and Settlement Agreement, plaintiffs do hereby

release and forever discharge on behalf of themselves and their heirs, executors, administrators

and assigns, all claims they had or have against defendant, John O'Callaghan, and the City of

Chicago, and its future, current, or former officers, agents and employees, including but not

limited to all claims they had, have, or may have in the future, under local, state, or federal

law, arising either directly or indirectly out of the incident which was the basis for this

litigation, and that such release and discharge also is applicable to any and all unnamed and/or

unserved defendants.

9.      This Release and Settlement Agreement and any documents that may be

3

executed under paragraph 12 herein contain the entire agreement between the parties with regard to the settlement of this action, and shall be binding upon and inure to the benefit of the parties hereto, jointly and severally, and the heirs, executors, administrators, personal representatives, successors, and assigns of each.

10.     This Release and Settlement Agreement is entered into in the State of Illinois and shall be construed and interpreted in accordance with its laws. Terms contained herein shall not be construed against a party merely because that party is or was the principal drafter.

11.     In entering into this Release and Settlement Agreement, plaintiffs represent that they have relied upon the advice of their attorneys, who are the attorneys of their own choice, and that the terms of this Release and Settlement Agreement have been interpreted, completely read and explained to them by their attorneys, and that those terms are fully understood and voluntarily accepted by plaintiffs. Plaintiffs also represent and warrant that no other person or entity has or has had any interest in the claims or causes of action referred to herein, that they and their attorneys have the sole right and exclusive authority to execute this Release and Settlement Agreement and receive the sums specified herein, and that they have not sold, assigned, transferred, conveyed, or otherwise disposed of any of the claims or causes of action referred to herein.

12.    All parties agree to cooperate fully and to execute a Stipulation to Dismiss and any and all supplementary documents and to take all additional actions which are consistent with and which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Release and Settlement Agreement.

City of Chicago
a Municipal Corporation

_____
Christopher O'Neill, plaintiff
Address: _16 842 GREENBRIER Rd._
_LAKE OSWEGO, OR. 97034_
Date of birth: _6/11/68_                BY:

*SSN: _362.92.9375_

Mara S. Georges
Corporation Counsel
Attorney for City of Chicago

_____
Jeffrey N. Given
Chief Assistant Corporation Counsel
30 North LaSalle Street; Suite 900
Chicago, Illinois 60602
(312) 744-9210
Attorney No. 06184989
DATE: _12/12/02_

_____
P. Kevin Donahue, plaintiff
Address: _____

_____
Date of birth: _____
*SSN: _____

_____
James E. Dahl
Attorney for plaintiffs,
Christopher O'Neill and P. Kevin Donahue
James E. Dahl & Associates
225 W. Washington; Suite 1125
Chicago, Illinois 60606
(312) 641-3245
Attorney No. _9/597_

DATE: _____

*Providing SSN is voluntary

_____
Stacy A. Benjamin
Assistant Corporation Counsel
Attorney for defendant John O'Callaghan
30 North LaSalle Street; Suite 1400
Chicago, Illinois 60602
(312) 742-5146
Attorney No. 06255621

DATE: _12/12/02_

5